UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS A. HIGGINS,

    Petitioner,

        v.                              Civil No. 16-cv-438-JPG

UNITED STATES OF AMERICA,        Criminal No 14-cr-40072-JPG

    Respondent.

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner Dennis A. Higgins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

    On August 29, 2014, the petitioner pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Court sentenced the petitioner to serve 36 months in prison. In arriving at this sentence, the Court found the petitioner's base offense level was 14 under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(a)(6) because he was a person prohibited from possessing a firearm. The Court increased that level by 2 points under U.S.S.G. § 2K2.1(b)(4) because the firearms he possessed were stolen and by 4 points under U.S.S.G. § 2K2.1(b)(6)(B) because he possessed the firearms in connection with another felony offense, possession of crack cocaine. *See* Presentence Investigation Report ("PSR") ¶¶ 13-15. The Court then reduced his offense level by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the petitioner timely accepted responsibility for his offense. This yielded a total offense level of 17. PSR ¶¶ 21-23. The Court took into account that the petitioner had a prior conviction for retail theft and a prior conviction for resisting a peace officer, which together contributed three of five points used to determine his criminal history category of III under the U.S.S.G. Chapter 5, Part A. PSR ¶¶ 35-39. Considering the petitioner's total offense level of 17 and criminal history category of III, the Court found his sentencing range to be 30-37 months in prison and

sentence him to serve 36 months.   The Court did not calculated the petitioner's offense level based on any prior "crimes of violence," did not find the petitioner to be a career offender under the guidelines and did not apply the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in imposing the petitioner's sentence.   The petitioner did not appeal his sentence.

In his § 2255 motion, the petitioner raises the following claims:

- Felon in possession of a firearm is not a violent crime but it was used to exclude him from the Residential Drug Abuse Program ("RDAP") program in prison;
- His sentence was enhanced based on his criminal history;
- *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to some relief;
- His counsel was constitutionally ineffective in her advice to plead guilty.

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'"   *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, 135 S. Ct. 1574 (2015).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on any ground raised.

As for Higgins' first argument, whether Higgins' offense of conviction – felon in possession of a firearm – is a violent crime played no role in his conviction or the Court's selection of his sentence. Thus, it does not provide a basis for relief under § 2255.   How the Bureau of Prisons choses to classify offenses of conviction and their specific characteristics for purpose of admission to the RDAP program is not relevant to whether a sentence should be vacated under § 2255.

Next, Higgins complains that his sentence was enhanced based on his criminal history.   The Court is puzzled by this argument because the Court did not selected Higgins' offense level under U.S.S.G. § 2K2.1 based on any of his prior convictions, did not apply the career offender enhancement of U.S.S.G. § 4B1.1, and did not use the ACCA to establish Higgins' statutory sentencing range.   Other than to establish his status as a felon, Higgins criminal history was used only to calculated his criminal history score as directed by U.S.S.G. § 4A1.1.   This does not entitled him to relief under § 2255.

Higgins also argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to some relief.   *Johnson* held that the "residual clause" in the ACCA's definition of a violent felony is unconstitutionally vague and cannot be used to justify a fifteen-year mandatory minimum sentence under the ACCA for those convicted of violating § 922(g).   The ACCA residual clause defined a violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."   18 U.S.C. § 924(e)(2)(B).   The Seventh Circuit Court of Appeals has recently held that *Johnson*'s rationale applies equally to invalidate the identical "residual clause" of the career offender guideline definition of "crime of violence," U.S.S.G. § 4B1.2(a)(2).   *United States v. Hurlburt*, No. 14-3611, 2016 WL 4506717, at *1 (7th Cir. Aug. 29, 2016) (career offender guideline definition incorporated into base offense level calculation for felon in possession offense).   However, these developments in the law are not relevant to Higgins' case because he was not sentenced based on either

the ACCA, the career offender guideline, or any other application of the "residual clause."  Thus, neither *Johnson* nor *Hurlburt* justify § 2255 relief in this case.

Higgins suggests in his motion that his counsel was constitutionally ineffective in her advice to him to plead guilty.  The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. 771).  To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial.  *Hill*, 474 U.S. at 58; *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009).  Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea.  *Wyatt*, 574 F.3d at 458.  To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough.  *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996)

4

(citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").

Higgins has failed to allege any specifics showing what his counsel's advice was other than to advise him to plead guilty, why that advice was deficient, how it was a decisive factor leading to his guilty plea or that he would not have pled guilty had he received competent advice.  If the nature of counsel's alleged deficiencies is her failure to advise him about the arguments he makes in this § 2255 motion, that advice was not deficient; the arguments in this motion have no merit, as explained above. Additionally, counsel's advice to plead guilty appears reasonable in light of the evidence found in a search of Higgins' residence, his statements to law enforcement officers after the search, and the 3-point offense level reduction Higgins was able to obtain for timely accepting responsibility for his offense.  In the absence of any other allegations of deficiency or prejudice, Higgins cannot show he is entitled to § 2255 relief based on ineffective assistance of counsel.

For these reasons, the Court **DENIES** Higgins' § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 13, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5